ENOCH F. GOODHUE *vs.* THE COMMONWEALTH.

An indictment under the Rev. Sts. *c.* 47, § 3, is good, which alleges that the defendant, on, &c., at, &c., without any legal authority or license, " did presume to be and was a retailer of spiritous liquors, in less quantity than twenty-eight gallons, and that delivered and carried away all at one time, and did then and there sell and retail two quarts of spiritous liquors to " a person named.

WRIT of error to reverse a judgment of the court of common pleas in the county of Middlesex, at the February term, 1842, sentencing the plaintiff in error to the payment of a fine of $20 and costs.

The indictment, on which the plaintiff was found guilty and sentenced, alleged that he, " on the 2d of March 1841, at Dracut, without any authority or license therefor duly had and obtained according to law, did presume to be and was a retailer of spiritous liquors in less quantity than twenty-eight gallons, and that delivered and carried away all at one time, and did then and there sell and retail two quarts of spiritous liquors to Zebediah Jones, against the peace of the Commonwealth, and contrary to the form of the statute in such case made and provided."

It was assigned for error, 1st, that the indictment does not allege that said Goodhue sold a less quantity of spiritous liquors than twenty-eight gallons, and that delivered and carried away all at one time ; and, 2d, that it does not allege any particular instance of selling spiritous liquors in less quantity than twenty-eight gallons, and that delivered and carried away all at one time.

*J. G. Abbott,* for the plaintiff in error. The first allegation in the indictment, viz. that Goodhue " presumed to be and was a retailer," &c., will not sustain the judgment. This was decided in *Commonwealth* v. *Thurlow,* 24 Pick. 374, which was

an indictment, as the present is, on Rev. Sts. c. 47, § 3. It was there held, that it was not sufficient to follow, in the indictment, the words of the section, but that a distinct act of selling must be averred. The question then is, whether the last allegation, viz. of a sale of a given quantity of spiritous liquor, without negativing that it was a part of twenty-eight gallons, and that delivered and carried away all at one time, is sufficient. In *Commonwealth* v. *Odlin*, 23 Pick. 275, such allegation was de cided to be insufficient; and the decision in that case was recognized in *Commonwealth* v. *Churchill*, 2 Met. 126.

*Austin*, (Attorney General,) for the Commonwealth. This indictment is precisely like the fifth count in the indictment in *Thurlow's case*, 24 Pick. 374, which was held to be good.

SHAW, C. J. The court are of opinion that the indictment is good, being within the authority of *Commonwealth* v. *Thurlow*, 24 Pick. 374. · In that case, the same exception was taken to a count in all material respects exactly like the present, and the exception was overruled and the count held good.

An averment that the defendant did sell and retail two quarts of spiritous liquors is an averment that he sold the liquor in a less quantity than twenty-eight gallons. *Commonwealth* v. *Eaton*, 9 Pick. 165. *Commonwealth* v. *Pearson*, 23 Pick. 280, *note*.

In the case of *Commonwealth* v. *Odlin*, 23 Pick. 275, which was under the *St.* of 1838, c. 157, (called the fifteen gallon law,) the averment was simply, that he " did sell one pint of spiritous liquor," without using the word " retail," or any other words indicating that it was one pint only, or that it was not part of a larger quantity.

*Judgment affirmed.*